**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL COADY, *et al.*<br><br>    *Plaintiffs*,<br><br>v.<br><br>NATIONWIDE MOTOR SALES CORP., *et al.*,<br><br>    *Defendants*. | Civil Action No.: 1:20-CV-01142 |

**JOINT MOTION AND MEMORANDUM FOR APPROVAL OF SETTLEMENT AGREEMENT**

The parties to this action jointly seek judicial approval of a Settlement Agreement entered into by the parties, in satisfaction of all claims made by Plaintiffs in the above-captioned matter, including under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employ. §§3-501 *et seq.* ("MWPCL"), and claims under the common law for unjust enrichment and an accounting.

## I.    INTRODUCTION

In this wage and hour overtime case, Plaintiffs and Defendants jointly request that the Court enter an Order approving the settlement reached between the parties in resolution of a bona fide dispute regarding Plaintiffs' entitlement to unpaid wages under the FLSA, the MWPCL, and the law of unjust enrichment, and dismissing Plaintiffs' claims with prejudice. The parties have carefully and exhaustively negotiated a settlement in this action, which was mediated previously with the assistance of this Court, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement attached hereto as Exhibit A. The Settlement Agreement reflects reasonable compromises of issues actually in dispute; the settlement was reached in an adversarial context in which both parties were represented by competent and

1

experienced counsel; this Court previously mediated the dispute; and the totality of the proposed settlement terms are fair and reasonable.

## II. STATEMENT OF THE CASE

Plaintiffs Michael Coady, Charles Jenkins, and Lawrence Holmes,[1] filed this class and collective action suit, and later were joined by opt-ins William Freburger, Russell Macey, Jr., and Allen McMillen (collectively "Plaintiffs"), against Defendants Nationwide Motor Sales Corporation and its owners William H. Schaefer, Jr. and Brandon E. Schaefer (collectively "Defendants" or "NMSC"). Plaintiffs alleged unjust enrichment and failure to comply with wage payment laws (the FLSA and MWPCL). While employed by Defendant NMSC Plaintiffs were paid in substantial part on a commission basis as either a managerial or sales employee.

NMSC issued Pay Plans to Plaintiffs that set forth some material terms of Plaintiffs' compensation. The Pay Plans set forth terms typical for automotive sales personnel. Mr. Coady, a managerial employee, was to receive a 7% commission on the profits of used automobiles; Mr. Jenkins, a sales professional, was to receive commissions of 14% to 19% of the gross profits on new and used car sales; and Mr. Holmes, a managerial employee, was to receive a 7% commission of the total gross on used car sales. Plaintiffs alleged that the Pay Plan terms were non-discretionary and were binding on NMSC under the MWPCL.

Plaintiffs asserted Defendants improperly increased the cost of vehicles by adding certain charges for overhead and other costs, thereby reducing the commissions. Plaintiffs further asserted Defendants failed to pay the proper minimum level of compensation under the FLSA to certain of the Plaintiffs during their last pay period of employment. Defendants denied Plaintiffs' allegations. Defendants asserted, among other defenses, that the allegedly inflated costs for overhead and other

---

[1] Mr. Holmes passed away during the pendency of this suit. His widow, Teresa Holmes is the personal representative of his estate, which is now the proper party. (ECF 48, 49).

additional costs were known to Plaintiffs; that the disputed costs were legitimate components of the cost to the dealership of the vehicles sold; and that the commissions were therefore properly calculated. Defendants further asserted that the overtime provisions of the FLSA did not apply to Plaintiffs under a statutory exemption to those provisions for automotive retail sale and service employees, and that Plaintiffs were properly paid when they received paychecks covering their last period of employment, including post-employment checks, which were cashed by Plaintiffs.

### III. ARGUMENT

#### A. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiffs are represented by competent and experienced counsel, and the Settlement Agreement reflects a reasonable compromise of disputed issues. Defendants expressly denied liability in response to the Complaint, continued to maintain their defenses in motions practice and in discovery responses, and made no admissions of liability in the Settlement Agreement but rather restated their denials. In entering into the Settlement Agreement, the parties extensively negotiated and contested the merits of the claims. The Settlement Agreement's provisions are fair and reasonable and are the product of a reasonable compromise of disputed issues.

This Court considers the following factors in reviewing whether to approve an FLSA settlement[2] as fair and reasonable:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who

---

[2] Defendants acknowledge that precedent in this District and in some other jurisdictions requires court approval of settlements of actions that include FLSA claims, and therefore Defendants join in this motion. Defendants contend, however, that because no class has been certified in this matter, court approval of the settlement should not be required.

3

  have represented the Plaintiffs; (5) the opinions of class counsel and class members
  after receiving notice of the settlement whether expressed directly or through failure
  to object; and (6) the probability of Plaintiffs' success on the merits and the amount
  of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 U.S. Dist. LEXIS 32784, at *4-5 (D. Md. Mar. 8, 2017) (discussing *Lomascolo* factors); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citing *Lomascolo* in rejecting motion which did not address those factors).

  As to the first factor, the parties engaged in substantial discovery. Both parties have served and responded to Interrogatories and Requests for Production of Documents. Plaintiffs also served third-party subpoenas. Each Plaintiff (other than Ms. Holmes, whose husband is deceased) was deposed. Defendants provided extensive affidavit testimony concerning the Pay Plans of the respective Plaintiffs, and the calculations of their wages and commissions during their tenure with NMSC. Plaintiffs' counsel, and their clients, have closely reviewed Defendants' discovery responses and have had discussions with Defendants' counsel about various discovery issues.

  As to the second factor, the parties settled the present case during the pendency of the discovery phase of litigation. Had the case continued, the complexity of the case, expense, and likely duration was anticipated to increase for both sides. Continued litigation would have increased the risk and expense for all parties and made resolution prior to trial more difficult.

  As to the third factor, there was no fraud or collusion related to the Settlement Agreement. Prior to accepting the Settlement Agreement, Defendant and Plaintiffs—with the advice of their respective counsel—considered the potential value of Plaintiffs' claims and the strengths and weaknesses of Defendants' defenses, and both parties independently concluded that settlement is in

their best interests and that the Settlement Agreement they reached is a fair and reasonable resolution of Plaintiffs' claims. Moreover, the parties engaged in arms-length negotiation over the course of several weeks following the completion of Plaintiffs' depositions, and this Court previously mediated the dispute. The parties further support this result because it eliminates the costs, uncertainties and risks of further litigation.

As to the fourth factor, Plaintiffs' counsel has extensive experience in investigating, litigating, and settling FLSA and related employment law claims. Joseph Greenwald & Laake P.A. has litigated numerous FLSA claims in the District of Maryland, other district courts, and the state courts of the State of Maryland. The Law Office of Jonathan Rudnick LLC has similarly negotiated wage matters in other state courts and in the District of New Jersey and has significant experience in employment-related litigation against automotive entities like Defendants. Plaintiffs' counsel are well-equipped to advise, and have advised, Plaintiffs as to the suitability of the Settlement Agreement.

As to the fifth factor, Plaintiffs did file a Motion for Conditional Certification of Plaintiffs' FLSA claims, and the Motion was denied. ECF 71, 72. The Court also denied Plaintiffs' Motion to Reconsider. ECF 84. Given the record developed in discovery, and the deposition testimony of the Plaintiffs, both parties recognized that class certification in this matter was far from assured, and would involve considerable effort and expense. The parties, therefore, commenced negotiations to resolve the Plaintiffs' claims on an individual basis.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (internal citations omitted). Courts have recognized "a role for less-than-full-

5

value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.* In this case, there were substantial factual and legal disputes concerning the claims that Plaintiffs were not paid a minimum wage for the last pay period in which they were employed by NMSC. Moreover, under the Settlement Agreement, each Plaintiff is receiving more in settlement than the amount of any individual FLSA claim.

Both Parties believe that the Defendants' offer of settlement reflects a reasonable compromise.

There is a distinct factual dispute as to whether Plaintiffs were improperly paid under both Federal and State law. There was significant testimony that Plaintiffs were aware of the vehicle cost increases and their impact on the commissions they received. In addition, there was significant documentary evidence reviewed by counsel reflecting post-employment compensation sent to and received by the Plaintiffs that affected the validity of their FLSA claims.

Defense counsel deposed the Plaintiffs. Defendants produced and filed substantial affidavit testimony that disputed the factual basis for the Plaintiffs' claims and the suitability of this litigation for class action treatment. Plaintiffs' counsel reviewed thousands of pages of documents to verify allegations asserted by Plaintiffs and to verify the positions asserted by Defendants. This included multiple trips to Maryland for document review and negotiations. These factual and legal disputes constituted *bona fide* disputes as to Plaintiffs' claims and Defendants' defenses under the FLSA.

If Plaintiffs were to prevail on all issues, their damages on their individual claims would range from less than $1,000 to potentially as much as amounts approaching $15,000. The individual claims are relatively small as the matter was filed as a class action where Plaintiffs'

counsel believed that the minimal amount of likely damages per class representative would warrant class treatment. But the production of substantial discovery, and the Plaintiffs' depositions, revealed that the FLSA claims had little, or no value based on post-employment compensation unknown to Plaintiffs' counsel at the commencement of litigation, and the likelihood of obtaining class certification was far from certain. Plaintiffs acknowledge that their decision to accept the terms of the settlement agreement was voluntarily made of their own accord, without any pressure, coercion, or undue influence by anyone.

### B. THE REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

This Joint Motion for Approval also includes a payment for reasonable attorneys' fees and expenses in the amount of $200,000. The Parties negotiated this amount in addition to Plaintiffs' claim for unpaid wages and liquidated damages. Plaintiffs' request for attorneys' fees is reasonable because (1) the fees do not impact the employees' statutory award and (2) they are reasonable under the lodestar approach.

### Lodestar Analysis

Typically, the twelve (12) factors cited by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), constitute the appropriate standard in assessing the reasonableness of the hours and rates claimed. The 12-factor lodestar analysis is as follows:

1. <u>The time and labor and costs required</u>.

Plaintiffs retained Joseph Greenwald & Laake PA and the Law Office of Jonathan Rudnick on or about April 4, 2020. Counsel for Plaintiffs submit that the time and labor expended on this matter, at standard hourly rates of the Plaintiff's attorneys, would amount to the following totals:

Joseph, Greenwald & Laake, P.A.

Hours: 1,269.60 hours

Fees: $461,677.00

The Law Office of Jonathan Rudnick

Hours: 193.40

Fees: $91,865.00

Total Fees: $553,542.00

Additionally, Counsel for Plaintiffs have incurred the following costs:

Joseph, Greenwald & Laake, P.A., - $6,799.20

The Law Office of Jonathan Rudnick – $251.00

Total Costs        $7,050

**Total Fees and Costs: $553,542 + $7,050 = $560,592.00.**

The total fees included within the Settlement Agreement, which was the product of negotiations between the parties, is far less than the lodestar fees.

2.   <u>The novelty and difficulty of the questions</u>.

Plaintiffs submit that this particular wage and hour case posed unique difficulties as a result of the interplay of the FLSA and the MWPCL, significant factual disputes, and other statutory and factual defenses set forth by Defendants. Notably, the case also involved an appeal to the Fourth Circuit with respect to whether arbitration applied. *See Coady v. Nationwide Motor Sales Corp.*, No. SAG-20-1142, 2020 U.S. Dist. LEXIS 215248 (D. Md. Nov. 18, 2020), *aff'd* 32 F.4th 288 (4th Cir. 2022). Overcoming a motion to compel arbitration before this Court and then on appeal was necessary for Plaintiffs to maintain the action in this Court, and added significantly to the costs of the case.

3.   <u>The level of skill required to perform the legal service properly</u>.

As already noted, Plaintiffs' counsel had to navigate a motion to compel arbitration, including a successful appeal resulting in a published opinion by the Fourth Circuit. Moreover, to successfully pursue an FLSA case, the attorneys for Plaintiffs must possess a range of specialized

8

skills and current knowledge of legal developments in order to properly navigate discovery, withstand motions, and prove liability. Joseph, Greenwald & Laake, P.A. has handled numerous FLSA and other employment-related cases in Federal and State Courts, and the Law Office of Jonathan Rudnick, LLC has significant experience in employment claims involving automobile dealers. Counsel for Plaintiffs stay aware of developments in FLSA and other employment-related case holdings and the latest information concerning the automotive industry that would have affected the rights of Plaintiffs had this matter continued further. Plaintiffs believe that such knowledge, skill, and experience were absolutely necessary in navigating this case to a successful outcome for Plaintiffs.

4. The Opportunity Costs.

Counsel for Plaintiffs have a very busy law practice. As the sheer number of hours expended demonstrate, Counsel for Plaintiffs suffered significant opportunity costs, because this matter prevented them from pursuing other matters.

5. The Customary Fee for Like Work

The total fees Plaintiffs are seeking in this case as part of the negotiated Settlement Agreement are at or *below* the normal and customary rates that Joseph Greenwald & Laake P.A. and the Law Office of Jonathan Rudnick, LLC charge their hourly clients. Plaintiffs submit that the rates sought herein are in line with market rates in determining a reasonable attorney rate for this geographic region.

| **Biller** | **Years Practicing** | **Hourly Rate** |
| --- | --- | --- |
| Brian J. Markovitz | 22 | $450.00 |
| Michal Shinnar | 12 | $405.00 |
| Nicholas N. Bernard | 6 | $300.00 |

| | | |
|---|---|---|
| Jonathan Rudnick | 32 | $475.00 |

6. <u>The attorney's expectations at the outset of the litigation</u>.

Payment of the Firms' fees was known to be contingent on the successful outcome of the case. The Firms have never charged the Plaintiffs anything for representation in this case but promised to accept payment of attorney's fees only if successful in the litigation. For a period of approximately three years the Firms have expended numerous hours of professional time and thousands of dollars in costs – none of which have been paid or reimbursed by Plaintiffs – to pursue Plaintiffs' claims in this case.

7. <u>The time limitations imposed by the client or the circumstances</u>.

One unusual time limitation was the necessity for an appeal to the Fourth Circuit on Defendants' motion to compel arbitration and this could form the basis for any adjustment to the lodestar. However, as Plaintiffs' counsel are seeking approval of a fee component of the settlement that is less than half of the lodestar fees, an upward adjustment, while possibly warranted, is not applicable. Moreover, as described above, Plaintiffs' counsel certainly suffered opportunity loss for other cases.

8. <u>The amount involved, and the results obtained</u>.

The settlement represents a satisfactory result for Plaintiffs asserting their wage and overtime rights and represents a full recovery for each of them.

9. <u>The experience, reputation, and ability of the attorneys</u>.

Mr. Markovitz graduated from the Georgetown University Law Center in 2000, receiving the American Bar Association Section of Labor and Employment Law Award for Excellence for the 2000 graduating class. He has practiced in the field of state and federal litigation since 2001

and prior to that spent approximately one year at the United States Office of Special Counsel working on whistleblower protection issues.

Mr. Markovitz is admitted to practice law in the state and federal courts of Maryland and the District of Columbia. He was admitted to practice law in Maryland in 2000, in the U.S. District Court for the Maryland in 2003, in the District of Columbia in 2004, and in this Court in 2005. He has been admitted to practice before the U.S. Court of Appeals for the Fourth Circuit since 2003, the United States Supreme Court since 2008, and the U.S. District Court for the District of Northern Illinois since 2012.

Mr. Markovitz has been a member of the Metropolitan Washington Employment Lawyers Association (MWELA), the Washington D.C. affiliate of the National Employment Lawyers Association (NELA), since approximately 2002, among other associations. He focuses his practice on the litigation of employment related cases and also on False Claims Act work. *Benchmark Guide* selected him for its "local litigation star" award from 2012-2014. In 2014 and 2018 he was selected by the National Trial Lawyers as a "Top 100 Trial Lawyer."

Ms. Shinnar is a Senior Counsel at Joseph, Greenwald & Laake, P.A., and a 2011 graduate of Fordham Law School. She received the Donald Feerick prize in Labor Law, was a Stein Scholar Public Interest Law Fellow, and a recipient of the Archibald Murray Public Service Award, *summa cum laude*. She is a member of the Bar of the State of Maryland (2015) and was admitted to the Bar of the State of New Jersey in 2012 (now inactive). She also is admitted to the United States District Courts for the District of Maryland, District of D.C., and District of New Jersey and the United States Court of Federal Claims.

Since 2018, she has served on the Board of the Metropolitan Washington Employment Lawyers' Association. In June 2019, she was appointed to serve as the co-chair of the Disability

Law Practice Group for the National Employment Lawyers' Association (NELA) and became the chair of the Disability Law Practice Group in August 2022.

Jonathan Rudnick been an attorney licensed to practice since 1990 in New York and New Jersey and is a 1990 graduate of Pace Law School. He has a concentration/specialty litigating claims against entities in the automotive industry for both consumers and salespersons. He has litigated similar employment related cases throughout the United States. Mr. Rudnick has litigated similar individual and class actions in Arkansas, Washington State, Illinois, New Jersey, Georgia and is currently investigating multiple cases in both Florida and Georgia.

10. <u>The undesirability of the case</u>.

Counsel for Plaintiffs incurred a substantial risk that they would receive no attorneys' fees in this matter. And while counsel would not describe this case as undesirable, counsel has expended significantly more time and expense than is sought here through the negotiated Settlement Agreement. Nonetheless, the Firms agreed to represent the Plaintiffs and navigate the litigation to a successful conclusion.

11. <u>The nature and length of the professional relationship with the client</u>.

Plaintiffs' counsel has represented Plaintiffs from the outset of the case. The Firms had no prior relationship with Plaintiffs.

12. <u>Awards in similar cases</u>.

Plaintiffs' counsel have been awarded fees in this Court and in other courts on a number of occasions. The Fourth Circuit has long recognized that "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding

only nominal damage award). The same principle has been applied to FLSA cases. *See Almenarez, et al. v. J.T.T, Enterprises Corp., et al.*, 2010 WL 3385362 (D. Md. 2010) ($84,058 attorney fee award based on three out of eight plaintiffs obtaining judgments totaling $3,300 before liquidated damages). The amount sought here is entirely reasonable given the results obtained for the Plaintiffs, and the services rendered and costs incurred by Plaintiffs' Counsel.

## IV. CONCLUSION

For these reasons, the parties respectfully request that this Court approve the Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ Brian J. Markovitz | /s/ William J. Murphy |
| Brian J. Markovitz (Bar No. 15859) | William J. Murphy (Bar No. 00497) |
| Michal Shinnar (Bar No. 19757) | John J. Connolly (Bar No. 09537) |
| Joseph Greenwald & Laake, P.A. | Zuckerman Spaeder, LLP |
| 6404 Ivy Lane, Suite 400 | 100 East Pratt Street Suite 2440 |
| Greenbelt, Maryland 20770 | Baltimore, MD 21202 |
| (301) 220-2200 (tel.) | 410 332 0444 (Phone) |
| (301) 220-1214 (fax) | 410 659 0436 (Fax) |
| bmarkovitz@jgllaw.com | wmurphy@zuckerman.com |
| mshinnar@jgllaw.com | jconnolly@zuckerman.com |
| | |
| Jonathan Rudnick (*pro hac vice*) | Robert Gittins (Bar No. 28240) |
| The Law Office of Jonathan Rudnick LLC | Eccleston and Wolf, P.C. |
| 788 Shrewsbury Avenue, Suite 204 | Baltimore-Washington Law Center |
| Tinton Falls, New Jersey 07724 | 7240 Parkway Drive, 4th Floor |
| (732) 842-2070 (tel.) | Hanover, MD 21076 |
| (732) 879-0213 (fax) | 410 752 7474 (Phone) |
| jonr@jonrudlaw.com | 410 752 0611 (Fax) |
| | gittins@ewmd.com |
| *Counsel for Plaintiffs* | |
| | *Counsel for Defendants* |